[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO OPEN AND SET ASIDE JUDGMENT
This matter came before the court on defendant's motion to open and set aside a judgment of dissolution.[1] The defendant alleged that he never received notice of the proceeding, and that the child support order which entered against him at the time of dissolution was based upon erroneous information about his income.
 FACTUAL FINDINGS
The plaintiff, acting pro se, filed an action for dissolution of marriage on May 19, 1999. The return date was June 22, 1999.
A return of service dated May 28, 1999 was made to the court by James F. Noonan, Jr., who was then a duly authorized Hartford County Deputy Sheriff.[2] The return indicated that Mr. Noonan made abode service upon the defendant by leaving a copy of the original writ, summons and complaint at 60A Nanel Drive in Glastonbury. The plaintiff had listed that location as the defendant's address on the face sheet of the summons.
Mr. Noonan testified at this hearing that he placed copies of the legal documents under the front door of the individual apartment unit at 60A Nanel Drive on May 28, 1999. Before going there, he had telephoned the defendant, who was then staying at a location outside of Glastonbury, and requested a meeting so that personal service could be effectuated. During that conversation, the defendant told the deputy sheriff to serve the papers at his mothers residence at 60A Nanel Drive in Glastonbury. The sheriff subsequently did so. The court found all of Mr. Noonan's testimony to be credible, and accepts it as fact.
There was credible evidence at hearing that from May 15, 1998 to the present, the defendant has listed 60A Nanel Drive in Glastonbury as his mailing address with the Connecticut Department of Motor Vehicles. (State's Exhibit 2). A document which the Connecticut Department of CT Page 6411 Social Services obtained on August 13, 1999 from the Glastonbury Post Office indicated that the U.S. Postal Service delivered the defendant's mail to 60A Nanel Drive at that time. The defendant admitted during testimony that he lived at that address with his mother at various times, but claimed that he was staying outside of Glastonbury at the time the action was commenced in order to avoid having contact with the plaintiff.
"One may have two or more places of residence within a state, or in two or more states, and each may be a usual place of abode. Service of process will be valid if made in either of the usual places of abode. It will reach him in one as well as the other." (Internal quotation marks and internal citations omitted). Clegg v. Bishop, 105 Conn. 564, 570
(1927).
Based upon the totality of all the evidence presented, the court finds that the defendant's usual place of abode on May 28, 1999 was 60A Nanel Drive in Glastonbury. The court also finds that the officer made proper abode service upon the defendant at that address, and that the defendant was afforded appropriate statutory notice of the dissolution proceeding. Accordingly, the dissolution court had jurisdiction over this matter.
The court (Cohen, JTR) entered a decree dissolving the marriage on September 27, 1999. The defendant never appeared in the case, and was absent at the dissolution hearing. Judge Cohen made a finding that the defendant was not serving in the armed forces, and entered a default judgment against him at the September 27th hearing. He also ordered that the defendant pay child support to the plaintiff in the amount of $300 per week by immediate wage execution. This support figure was apparently based upon information provided to the assistant attorney general by the plaintiff that the defendant's highest amount of gross annual income was $72,000.
In his motion to open the judgment and set aside the support obligation, the defendant asserted that "my income was misstated by 300% by plaintiff." At hearing, the defendant claimed that he had earned approximately $25,000 during 1999, and that his support obligation should have been calculated based upon that significantly lower figure. Although he admitted that he had earned $72,000 in 1989, he stated that he has never received salary anywhere near that amount since then. The defendant did not produce records or documentation regarding his income during 1999, or any other year, at this hearing. He indicated that he had requested an extension for filing his 1999 federal income tax return, and still has not done so. The defendant, who is a recovering alcoholic, testified that he was incarcerated from January 7, 2000 through December 21, 2000. CT Page 6412
The defendant claimed that he became aware some time in November 1999 that the dissolution had been granted. However, the court's file reflects that a notice of the judgment's financial orders was mailed to the defendant at 60A Nanel Drive in Glastonbury by the assistant attorney general on October 12, 1999. It was received and signed for by the defendant's mother on October 16, 1999.
In addition, the court's file also indicates that on December 10, 1999, the defendant filed an affidavit with the court in the dissolution case, requesting a waiver of the parenting education program fee due to indigency or inability to pay.
C.G.S. § 52-212 and C.P.B. § 17-43 provide that a default judgment may be set aside within four months from the date of entry. Similarly, C.G.S. § 52-212a mandates that a civil judgment may not be reopened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered. In the case at bar, the defendant's motion to open and set aside the judgment was filed approximately 13 months after Judge Cohen granted the dissolution.
Based on the evidence referred to above, the court finds that the defendant became aware of the dissolution decree within several weeks after it was issued. The court also finds that the defendant could have reasonably filed a motion to set aside the default judgment within the four-month statutory period, but did not do so. The instant motion, filed more than one year after the child support order issued, is untimely, and is barred by C.G.S. 52-212, C.G.S. § 52-212a, and C.P.B § 17-43.
Furthermore, the defendant did not establish by a preponderance of the evidence during this hearing that the child support order was the result of fraud, or mutual mistake. The information about the defendant's highest year of earnings was not erroneous, and the support order was based on the limited facts which were presented to the court. As noted above, the defendant had the opportunity to rectify any alleged mistakes concerning his earnings or his income capacity by appearing in the dissolution proceeding, or by filing a motion to open the default judgment within four months after it entered.
Because the defendant failed to prove that the trial court lacked jurisdiction due to defective service, and because he failed to file a timely motion to vacate the default judgment, his motion to open and set aside the judgment is hereby DENIED.
At hearing, this court focused only on the defendant's claim that the CT Page 6413 dissolution judgment should be opened and set aside. Although the court has denied the motion to open and set aside the judgment, the evidence presented during this hearing suggests the possibility that there may have been a substantial change in the defendant's financial circumstances. The court finds that the salient portion of the defendant's October 26, 2001 motion is, in reality, a motion to re-open judgment and modify child support pursuant to C.G.S. § 46b-86, and should be determined as such. The court directs the clerk to schedule a hearing on the defendants October 26, 2001 motion to modify child support before the Family Support Magistrate.[3] The defendant should be permitted to proceed ab initio on his motion to modify support before that venue. The court further suggests that the magistrate consider whether or not modification relief, if any is granted, should be retroactive to the October 26, 2001 date of filing. This court is cognizant that there are contempt proceedings pending against the defendant in the Magistrate's session for the alleged non-payment of this child support order, and the court believes that the defendant's motion to modify child support should be entertained coterminously with that contempt proceeding. This court previously vacated a capias which had been issued by the Family Support Magistrate for the arrest of the defendant in connection with that pending contempt matter. The court notes that the defendant subsequently appeared at all hearings in the instant matter, and is appropriately before the court. The court reaffirms its prior order vacating the capias, conditioned upon the defendant's continued presence at all future proceedings scheduled before the Family Support Magistrate.
SO ORDERED:
BY THE COURT
Dyer, J.